IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETE SAWYER,

          Plaintiff,

v.                                   Case No.  07-2142-JAR-GLR

KINGSDOWN, INC.,

          Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Leave to File Second Amended Answer (doc. 12).  Defendant requests leave to reassert failure to exhaust administrative remedies and statute of limitations as affirmative defenses.  Plaintiff opposes the motion on grounds that these affirmative defenses are futile.  As set forth below, the motion is overruled.

## I.       Background

Plaintiff filed this action, alleging that Defendant discriminated against him by terminating his employment in violation of the Age Discrimination in Employment Act, ("ADEA").[1]  His Complaint alleges that he received notification from Defendant on February 27, 2006 that his employment was being terminated.  Plaintiff was 59 years of age at the time of the termination.  Believing the termination of his employment was based on age discrimination in violation of the ADEA, he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about June 29, 2006.  Subsequently he received a right-to-sue letter from the EEOC dated January 8, 2007.  He filed this action on April 3, 2007.

_____

[1]29 U.S.C. § 623.

Defendant filed its Answer to Complaint (doc. 4) on June 1, 2007.  It asserted the following two affirmative defenses: (1) "Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations," and (2) "Plaintiff's claims are barred, in whole or in part, as he has failed to exhaust his administrative remedies with respect to such claims."[2]  On June 6, 2007, Defendant filed its First Amended Answer (doc. 6), in which it withdrew these two defenses.  At the scheduling conference the Court set a deadline of August 15, 2007 for filing any motions to amend the pleadings.[3]

On July 26, 2007, Defendant filed its Motion for Leave to File its Second Amended Answer to restore the affirmative defenses of failure to exhaust and statute of limitations. Plaintiff responded to the motion on August 8, 2007 (doc. 16). Defendant filed a reply memorandum on August 14, 2007 (doc. 17). The Court is now ready to rule on the Motion.

## II.    Applicable Law

Federal Rule of Civil Procedure 8(c) requires a defendant to affirmatively plead "any . . . matter constituting an avoidance or affirmative defense."[4] When a party omits an affirmative defense or discovers new evidence giving rise to a defense as discovery proceeds, the party must move to amend his pleadings under Federal Rule of Civil Procedure 15(a) to rely on that defense in a dispositive motion or at trial.[5]   Rule 15(a) allows a party to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is

---

[2]Answer to Compl. (doc. 4), ¶¶  34, 39.

[3]*See* Scheduling Order (doc. 12), ¶7.

[4]Fed. R. Civ. P. 8(c).

[5]*Ahmad v. Furlong*, 435 F.3d 1196, 1202 (10th Cir. 2006);  *Harris v. Sec'y, U. S. Dep't of Veterans Affairs*, 126 F.3d 339, 345 (D.C. Cir.1997).

one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served."[6] Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[7]  Leave to amend, however, is to be "freely given when justice so requires."[8] The Supreme Court has emphasized that "this mandate is to be heeded."[9]  Leave to amend should be denied, however, when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[10]  Whether to grant leave to amend is within the discretion of the court, but the court must give a reason for a refusal.[11]

One of the grounds for denying leave to amend is that the proposed amendment would be futile.[12]  Amendment of a complaint or other pleading asserting affirmative claims for relief is futile if the amendment could not withstand a motion to dismiss or otherwise fails to state a claim.[13]  For a motion seeking to amend an answer to assert additional defenses, the court looks to Fed. R. Civ. P. 12(f) to evaluate whether the proposed amendment is futile.  Rule 12(f)

---

[6]Fed. R. Civ. P. 15(a).

[7]*Id.*

[8]*Id.*

[9]*Foman v. Davis,* 371 U.S. 178, 182 (1962).

[10]*Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

[11]*Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

[12]*Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

[13]*Id.*

3

permits the court to strike from any pleading "any insufficient defense."  A defense is considered insufficient under Rule 12(f) if it cannot succeed, as a matter of law, under any circumstances.[14]

## III.    The Parties' Arguments

Defendant seeks leave to amend its answer to assert the affirmative defenses of failure to exhaust administrative remedies and statute of limitations.  It supports its motion upon recent discovery of information about the events alleged in paragraph 18 of Plaintiff's Complaint, i.e., that Defendant assigned a younger and less-tenured employee to a large customer who should have been given to Plaintiff.  Defendant says discovery shows this event occurred two years before Plaintiff filed his charge of discrimination with the EEOC, which is outside the ADEA's 300-day period for filing an administrative claim.

Defendant interprets Plaintiff's Complaint to assert two claims of discrimination: (1) assignment of a large customer account in Plaintiff's region to a younger and less tenured employee, and (2) termination of his employment.  Defendant therefore seeks to assert the affirmative defenses of failure to exhaust and statute of limitations against the supposedly separate claim that it assigned a large customer account to a younger employee.  Defendant contends that a claim based on the account assignment is untimely.

Defendant further points out that discovery is still in its early stage, depositions have not occurred, and written discovery responses have not been provided by either side. Defendant maintains there is no prejudice whatsoever from the amendment, that it will just preserve its potential defenses.   It further argues that, aside from that one discrete act of alleged discriminatory assignment, Plaintiff only alleges he was generally treated less favorably than

---

[14]*Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.,* 838 F. Supp. 1448, 1450 (D. Kan. 1993).

4

other employees and does not allege any other discrete action that is not time-barred.  Defendant contends, furthermore, that Plaintiff cannot use a discrete, time-barred allegation to support a claim of discrimination when there is no other evidence of a discriminatory purpose for terminating Plaintiff's employment.

Plaintiff urges the Court to deny the motion on grounds the proposed amendment to allow these affirmative defenses is futile and frivolous.  He alleges that Defendant notified him on February 27, 2006 that his employment was being terminated.  He filed his Charge of Age Discrimination with the EEOC on or about June 29, 2006, and received a notice of right to sue from the EEOC dated January 8, 2007.  He then filed this case within 90 days on April 3, 2007. He argues that there simply can be no reasonable or non-frivolous defense by Defendant that Plaintiff's claim for age discrimination in his termination is not timely filed or that Plaintiff did not appropriately exhaust all administrative remedies with regard to this sole claim asserted.

Plaintiff further argues that Defendant is attempting to assert its proposed statute of limitations and failure to exhaust defenses against what is simply a factual, evidentiary contention in the Complaint and not a separate claim.  He contends that the only claim in the Complaint is for the termination of his employment. Plaintiff asserts that his allegation in paragraph 18 of the Complaint, that Defendant gave a younger and less-tenured employee a large customer in Plaintiff's territory, constitutes merely evidence the jury can consider to show pretext and bias by Defendant, but does not constitute a separate claim. Plaintiff argues the motion is thus an attempt to assert a phantom defense to a non-existing claim.

IV.     **Analysis and Conclusion**

Plaintiff states unequivocally in his response to the motion that his claim is "clearly limited to a claim for age discrimination in Defendant's termination of [his] employment."[15] He further asserts that the incident described in paragraph 18 of his complaint will be used as <u>evidence</u> to show pretext, as well as age-biased conduct by Defendant, and does not state a separate <u>claim</u>.   The Complaint on its face purports to assert a single count, premised upon termination of employment, but incorporating the 26 preceding allegations.   Because of this incorporation, which includes the controversial paragraph 18, Defendant views the Complaint as stating two discrete claims of discrimination, one based upon the account assignment and the other upon termination.

If paragraph 18 is construed simply as an evidentiary statement and not to create a separate claim, as Plaintiff contends, the allegation is redundant.   Plaintiff has offered no need for pleading an allegation that is nothing more than an evidentiary statement.   His claim for termination stands without any requirement of simply evidentiary facts.   Given his clear and emphatic assertion that it is nothing more and that the only claim he asserts in his complaint is for termination, however, the Court can and will thus construe the Complaint as setting forth only a single claim, based solely upon termination and not upon account assignment.   Federal Rule of Civil Procedure 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice."   The Court finds no need to create an entirely new claim from what is nothing more than a redundant statement of anticipated evidence.   Such ruling becomes the law of the case with regard to the construction of the Complaint and eliminates the basis for

---

[15]Pl.'s Resp. (doc. 16), p. 1.

Defendant's concern about a second claim that might otherwise occasion additional affirmative defenses.

Accepting Plaintiff's assertion that he does not intend to assert the incident alleged in paragraph 18 as a separate claim, but only as evidence in support of the termination of employment claim, it follows that it would be futile to assert affirmative defenses of failure to exhaust and statute of limitations.   Plaintiff was notified that his employment was being terminated on February 27, 2006.  He filed his Charge of Age Discrimination with the EEOC on or about June 29, 2006, and received a notice of right to sue from the EEOC dated January 8, 2007.  He then filed this case within 90 days on April 3, 2007.  In light of these facts, the Court finds that it would be futile for Defendant to amend its answer to assert the affirmative defenses of failure to exhaust and statute of limitations to Plaintiff's sole termination of employment claim.

In denying the motion, however, the Court is making no ruling as to the admissibility of the allegedly discriminatory account assignment as evidence. That question remains for the trial judge to determine.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Leave to File Second Amended Answer (doc. 12) is overruled, as set forth herein.

Dated in Kansas City, Kansas on this 25th day of September, 2007.

s/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge
